UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MONICA J. WARD,

        Plaintiff,

vs.                                              Case No.   3:10-cv-1031-J-MCR

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

        Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. 406(b) (Doc. 25) filed July 7, 2013.

Plaintiff's counsel, Chantal J. Harrington and Allison Forsyth, who obtained a sentence four remand/reversal of denial of benefits for their client in this social security appeal, received an award of EAJA fees in the amount of $7,661.77. Upon remand, the Commissioner issued a decision favorable to Plaintiff. The Social Security Administration withheld 25% of the past due benefits awarded to Plaintiff. The amount withheld for attorneys fees was $38,701.25 but 406(a) fees in the sum of $6,000.00 has been approved for payment to Plaintiff's attorneys. Therefore, Plaintiff's counsel now seeks a fee of $32,701.25.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees."  Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817 (2002) (citations omitted).

"Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency fee arrangement, which the Supreme Court recognized as the most common fee arrangement in social security cases.  Id. at 800.  In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee.  Id. at 808.  Other key considerations include the character of the representation and the results the representation achieved.  Id.  For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee.  Id.

The Court has reviewed the contingent fee contract and has considered the character of the representation and the results the representative achieved and finds that the contingent fee contract is reasonable in this case.[2]  Plaintiff's counsel is

---

[2] The Court has also taken into account that the Commissioner has not objected to the instant fee request.  Thus, this decision should not be viewed as precedent in a case where the
(continued...)

therefore entitled to an award of 25% of the past due benefits recovered ($38,701.25) less the $6,000.00 counsel has petitioned for pursuant to 42 U.S.C. § 406(a) for administrative work or $32,701.25.

Plaintiff's counsel has already recovered $7,611.77 in EAJA fees in this case and to prevent "double-dipping" Plaintiff's counsel could refund the EAJA fee to Plaintiff upon receipt of the 406(b) award, or alternatively, that sum could be deducted from Plaintiff's counsel's recovery of any escrowed sum.  In her brief, Plaintiff's counsel suggested the former method and as the Commissioner does not object, the Court will permit it.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. 406(b) (Doc. 25) is **GRANTED**.  The Court finds that a reasonable attorney fee for Plaintiff's counsel for representation of Plaintiff in this Court is **$32,701.25** and the Commissioner is ordered to pay said sum to Petitioner.  Upon receipt of this sum, Petitioner is directed to refund to Plaintiff $7,661,77, representing the fee already paid to Plaintiff's counsel under her EAJA application.

The Clerk shall enter Judgment accordingly.

---

[2](...continued)
rate is contested.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  8th  day of July, 2013.

                                                                                  /s/ Monte C. Richardson
                                                                                  MONTE C. RICHARDSON
                                                                                  UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record